# Isaac Brownfield's Estate.   Appeal of Anna B. Crossland.

*Will—Trust and trustees.*

Testator gave a legacy to his daughter equal to one sixth the value of the coal under land devised to his son, and provided, " I direct my executor to invest in some safe way the bequest of my daughter, and to retain control of the same allowing her the use of the same, or if the said investment should be an interest or dividend bearing investment, to pay over to her semi-annually the interest thereof during her life, and if she should die without leaving lawful issue surviving her," then over, etc., and if issue, then to hold until they should reach full age, etc.   Testator's children entered into a family agreement fixing the value of the coal, and thus liquidating the amount of the legacy.   *Held*, that under the will the legacy to the daughter was in trust, and that this trust was not affected by the family agreement.

Argued May 8, 1899.   Appeal, No. 275, Jan T., 1898, by Anna B. Crossland, from decree of O. C. Fayette Co., Sept. T., 1895, No. 44, dismissing exceptions to • auditor's report.   Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ.   Affirmed.

Exceptions to auditor's report.

The facts appear by the report of Brownfield's Estate, Brownfield's Appeal, ante, p. 151.

*Errors assigned* were in dismissing exceptions to auditor's report.

*George H. Lepper*, with him *S. E. Ewing*, for appellant.

*Edward Campbell*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, October 6, 1899:

The only question involved in this appeal not discussed and determined in W. W. & I. H. Brownfield's Appeal, No. 279, opinion filed herewith, ante, p. 151, is raised by the assignment of error to the finding of the auditor that the legacy to appellant was not absolute but in trust.

The will of the testator gave, inter alia, a legacy to this appellant, equal to one sixth the value of the coal under the land devised to his sons, and provided, "I direct my executors to invest in some safe way the bequest of my daughter Anna and to retain control of the same, allowing her the use of the same, or if the said investment should be an interest or dividend bearing investment, to pay over to her semi-annually the interest thereof during her life, and if she should die without leaving lawful issue surviving her," then over, etc., and if issue, then to hold until they should reach full age, etc.

The trust thus imposed by the testator was not disturbed in any way by the agreement of the children in March, 1891. It could not have been, for the will was not attacked in any way, and its provisions are clear. But the agreement had no such object. It was merely to liquidate the amount of the legacy which the will made dependent on the value of the coal. This was in affirmance not in antagonism to the will, and in no way affected the trust.

Appeal dismissed at the costs of appellant.